**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 62**

| | | |
|---|---|---|
| **PARKER EXCAVATING, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **JOMCO CONTRACTING, LLC;** | ) | **ORDER** |
| **JOMCO, INC.; HIGHLANDS AT** | ) | |
| **CULLOWHEE LLC; WESLEY** | ) | |
| **SAMUEL OWENBY**, in his individual | ) | |
| and official capacity**; JOSEPH** | ) | |
| **RILEY JOHNSON**, in his individual | ) | |
| and official capacity**; and TRICIA** | ) | |
| **RUTH**, in her individual and official | ) | |
| capacity**,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

This matter is before the Court on the following:

1) Defendants' Joint Motion to Dismiss (Doc. 5);

2) Plaintiff's "Response to Motion to Dismiss/Amended Complaint" (Doc. 12);

3) Plaintiff's Response to Show Cause (Doc. 14); and

4) Plaintiff's "Amended Motion for Leave to Amend and Memorandum of Law in Support" (Doc. 17).

## I.    Procedural Background

On January 23, 2019, Plaintiff commenced this action in state court.  The case was subsequently removed to this Court.  See (Doc. 1).

On March 4, 2019, Defendants filed their Joint Motion to Dismiss (Doc. 5) and a supporting brief (Doc. 6).

On March 21, 2019, Plaintiff filed a "Motion for Extension for Time to Answer or Respond" (Doc. 8) in which Plaintiff requested that its deadline to respond to Defendant's Joint Motion to Dismiss be extended to April 18, 2019. Plaintiff's Motion was denied without prejudice for noncompliance with the Local Rules. See (Doc. 9).

On March 28, 2019, Plaintiff filed an "Amended Motion for Extension for Time to Answer or Respond" (Doc. 10). That motion was granted and Plaintiff was allowed up to and including April 18, 2019 within which to respond to Defendants' Joint Motion to Dismiss. See (Doc. 11).

Plaintiff filed a "Response to Motion to Dismiss/Amended Complaint" on April 1, 2019 (referred to hereafter as "Amended Complaint"). See (Doc. 12).

On April 3, 2019, the Court directed Plaintiff to show cause why its Amended Complaint should not be stricken as untimely. Plaintiff filed its response (Doc. 14) to that Order on April 9, 2019.

The same day, Plaintiff requested leave to amend its Complaint. (Doc. 15). Plaintiff's Motion was denied without prejudice for noncompliance with the Local Rules, and Plaintiff's counsel was directed to review and become familiar with the Local Rules. See (Doc. 16).

On April 14, 2019, Plaintiff filed its "Amended Motion for Leave to Amend and Memorandum of Law in Support" (Doc. 17) (referred to hereafter as "Amended Motion for Leave to Amend"). That Motion states that "Counsel for the Plaintiff has discussed the

matter with opposing counsel who does not consist to the Amended Complaint." Defendants have not responded to the Amended Motion for Leave to Amend, and the time for doing so has passed.

## II.    Legal Standards

Pursuant to Rule 15(a)(1)(B) of the Rules of Civil Procedure, a plaintiff may amend its complaint once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Amendments sought under Rule 15(a)(2) are allowed with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2); United States v. ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451, 461 (4th Cir. 2013). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Id. at 426 (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); accord Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010).

## III.    Discussion

Plaintiff argues that because its Amended Complaint was filed before the expiration of the extended deadline for it to respond to Defendants' Joint Motion to Dismiss, the Amended Complaint was timely. That is, Plaintiff argues that the extension of Plaintiff's

deadline to respond to the Joint Motion to Dismiss also extended the time for Plaintiff to amend its complaint as a matter of course under Rule 15(a)(1). Pl.'s Resp. (Doc. 14) at 2.

The text of Rule 15 and this Court's Order of March 28, 2019 would seem to cut against this argument, though some authority suggests otherwise. See, e.g., Hunter v. Dematic USA, No. 16-00872(WHW) (CLW), 2016 WL 2904955, at *5 (D.N.J. May 18, 2016) (amended complaint was recognized "response" to a motion to dismiss and fell within scope of court's extension order); Alliance Solutions, Inc. v. Quest Software, Inc., No. ELH-11-2115, 2012 WL 692883, at *8 (D. Md. Mar. 1, 2012) (compelling argument can be made that consent to extension of time to respond to a Rule 12(b) motion implicitly contemplates extension of time to file an amended complaint).

The Court need not resolve this issue, however, as questions regarding the timeliness of Plaintiff's Amended Complaint may be addressed through the Amended Motion for Leave to Amend and in light of the liberal standard of Rule 15(a)(2). In that regard, the Court finds that the Amended Motion for Leave to Amend should be allowed.

The proposed amended complaint attached to Plaintiff's Amended Motion for Leave to Amend appears to be identical to the Amended Complaint filed previously by Plaintiff on April 1. Consequently, requiring Plaintiff to re-file another copy of the same pleading is unnecessary and Plaintiff's April 1 filing will be deemed to be the operative Amended Complaint.

The allowance of Plaintiff's Amended Motion for Leave to Amend and the recognition of Plaintiff's Amended Complaint necessarily makes the Joint Motion to Dismiss moot.

One final issue must be addressed.  Local Civil Rule 7.1 states in part:

> **(c)** ***Requirement of Briefs***. A brief must be filed contemporaneously with the motion, except no brief is required to support timely motions for admissions *pro hac vice*, extensions of time, continuances, or early discovery. Supporting exhibits must be attached as appendices as specified in the Administrative Procedures. Factual contentions must be supported as specifically as possible by citation to exhibit number and page.

The full title of Plaintiff's Amended Motion for Leave to Amend was "Amended Motion for Leave to Amend and Memorandum in Support" (Doc. 17), but no supporting brief was submitted.

In the Court's discretion and in the interest of judicial economy, the undersigned has considered the Amended Motion for Leave to Amend nonetheless.

However, Plaintiff's counsel will now be required to certify that she has complied with this Court's previous Order directing her to review and become familiar with the Local Rules.

**IT IS THEREFORE ORDERED THAT**:

1.    Plaintiff's Amended Motion for Leave to Amend (Doc. 17) is **GRANTED**;

2.    Defendants shall have to and including **May 23, 2019** within which to answer or otherwise respond to Plaintiff's Amended Complaint (Doc. 12);

3.    Defendants' Joint Motion to Dismiss (Doc. 5) is **DENIED AS MOOT**; and,

4.     Plaintiff's counsel is **DIRECTED** to file, within seven (7) days of the entry of this Order, a statement certifying that she has complied with this Court's previous Order and has reviewed and become familiar with the Local Rules.

Signed: May 8, 2019

W. Carleton Metcalf
United States Magistrate Judge