THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00062-MR-WCM

| | | |
|---|---|---|
| PARKER EXCAVATING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JOMCO CONTRACTING, LLC; | ) | |
| JOMCO, INC.; HIGHLANDS AT | ) | |
| CULLOWHEE, LLC; WESLEY | ) | |
| SAMUEL OWENBY; JOSEPH RILEY | ) | |
| JOHNSON; and TRICIA RUTH, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint[1] [Doc. 20]; the Magistrate Judge's Memorandum and Recommendation [Doc. 35] regarding the disposition of that motion; the Plaintiff's Written Objections to Magistrate Judge's

---

[1] The Motion to Dismiss was filed by all the named Defendants; however, subsequent to the filing of the motion, Defendant Samuel Owenby filed a Notice of Bankruptcy. [Doc. 25]. Consequently, the proceedings against Defendant Owenby have been stayed. [Doc. 26]. The Court therefore will address the Motion to Dismiss only as it pertains to Defendants JOMCO Contracting, LLC; JOMCO, Inc.; Highlands at Cullowhee, LLC; Joseph Riley Johnson; and Tricia Ruth.

Memorandum and Recommendation [Doc. 36]; and the Defendants' Response to Plaintiff's Objections [Doc. 37].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' Joint Motion to Dismiss and to submit a recommendation for its disposition.

On December 17, 2019, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support of a recommendation regarding the Motion to Dismiss. [Doc. 35]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff filed its Objections on December 27, 2019. [Doc. 36]. The Defendants filed their Reply to the Plaintiff's Objections on January 10, 2020. [Doc. 37].

In its Objections, the Plaintiff first argues that the Magistrate Judge failed to "address the Defendant[s'] liability through the alter ego doctrine which allows for piercing of the corporate veil." [Doc. 36 at 1].

The theory of "piercing the corporate veil" allows an injured party "to impose legal liability for a corporation's obligations, or for torts committed by the corporation, upon some other company or individual that controls and

2

dominates a corporation." Green v. Freeman, 367 N.C. 136, 145, 749 S.E.2d 262, 270 (2013).  Courts will permit the piercing of the corporate veil "when applying the corporate fiction would accomplish some fraudulent purpose, operate as a constructive fraud, or defeat some strong equitable claim." State ex rel. Cooper v. Ridgeway Brands Mfg., LLC, 362 N.C. 431, 439, 666 S.E.2d 107, 112-13 (2008) (citations and internal quotation marks omitted). To pierce the corporate veil, the plaintiff must allege that "the corporation is so operated that it is a mere instrumentality or alter ego of the sole or dominant shareholder and a shield for his activities in violation of the declared public policy or statute of the State."  Green, 367 N.C. at 145, 749 S.E.2d at 270 (citation and internal quotation marks omitted).

Here, the Plaintiff's Amended Complaint contains only bare-bones, conclusory allegations that the individual Defendants were "self-dealing and allow sub-contractors to pierce the corporate veil" [Doc. 15 at ¶ 116] and that the Defendant corporate entities were "set up . . . in order to defraud sub-contractors" [Id. at ¶115].  The Plaintiff pleads no plausible allegations of circumstances which have been found to justify piercing the corporate veil, such as "inadequate capitalization, noncompliance with corporate formalities, lack of a separate corporate identity, excessive fragmentation, siphoning of funds by the dominant shareholder, nonfunctioning officers and

directors, [or] absence of corporate records." Green, 367 N.C. at 145, 749 S.E.2d at 270 (citing Glenn v. Wagner, 313 N.C. 450, 455-58, 329 S.E.2d 326, 330-32 (1985). The mere allegation that the corporate entities had some overlapping owners or agents is insufficient to give rise to alter ego liability.[2]

Second, the Plaintiff contends that the Magistrate Judge failed to "take into account that the Defendant[s have] yet to answer the Complaint and that no discovery has been afforded the Plaintiff to this point." [Doc. 36 at 1]. This objection is without merit. A Rule 12(b)(6) motion is addressed entirely to the sufficiency of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). The fact that the Defendants have not yet answered or that discovery has not yet occurred is irrelevant to the Rule 12(b)(6) analysis.

---

[2] In support of this Objection, the Plaintiff submits a number of exhibits, including a construction contract executed by Defendant Johnson as an agent of Highlands and by Defendant Owenby as an agent of JOMCO, Inc. [See Doc. 36-1 through 36-3]. The Court, however, will disregard these exhibits because consideration of such documents would convert the Defendants' Motion to Dismiss into a Motion for Summary Judgment. See Fed. R. Civ. P. 12(d); see also Alvarez-Soto v. B. Frank Joy, LLC, 258 F. Supp. 3d 615, 623 (D. Md. 2017). Even if such exhibits were considered, however, they do not bolster the Plaintiff's conclusory allegations that the Defendants were alter egos of one another. As noted by the Defendants [Doc. 37 at 4-5], development projects often involve different corporate entities that may share some overlapping agency and ownership.

After careful consideration of the Memorandum and Recommendation and the parties' Objections thereto, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Motion to Dismiss should be granted in part and denied as part, and that this case should proceed with respect to the Plaintiff's claims for breach of contract, quantum meruit, and account stated against JOMCO, Inc. The Plaintiff's claims against Defendant Owenby shall remain stayed.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 36] are **OVERRULED**; the Memorandum and Recommendation [Doc. 35] is **ACCEPTED**; and the Defendants' Joint Motion to Dismiss [Doc. 20] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The Motion is **DENIED** as to Plaintiff's claim for account stated as to JOMCO, Inc.; and

(2) In all other respects, the Motion is **GRANTED**, and Plaintiff's claims for violations of Chapter 75 and Civil Conspiracy against JOMCO, Inc, and all claims against JOMCO Contracting, LLC;

5

Highlands at Cullowhee, LLC; Joseph Riley Johnson; and Tricia Ruth are **DISMISSED**.

**IT IS FURTHER ORDERED** that this action shall be allowed to proceed against JOMCO, Inc. on the Plaintiff's claims for breach of contract, quantum meruit, and account stated, with the Plaintiff's claims against Owenby remaining stayed.

**IT IS SO ORDERED.**

Signed: January 17, 2020

Martin Reidinger
United States District Judge