THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00062-MR

| | |
|---|---|
| PARKER EXCAVATING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOMCO CONTRACTING, LLC; ) | **O R D E R** |
| JOMCO, INC.; HIGHLANDS AT ) | |
| CULLOWHEE, LLC; WESLEY ) | |
| SAMUEL OWENBY; JOSEPH RILEY ) | |
| JOHNSON; and TRICIA RUTH, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment [Doc. 41].

## I. BACKGROUND

On January 23, 2019, the Plaintiff Parker Excavating, Inc. (the "Plaintiff") brought this action in the General Court of Justice, Superior Court Division, Jackson County, North Carolina, against Defendants JOMCO Contracting, LLC, JOMCO, Inc., Highlands at Cullowhee, LLC, Wesley Samuel Owenby, Joseph Riley Johnson, and Tricia Ruth (collectively the

"Defendants"). [Doc. 1]. On February 25, 2019, the Defendants removed the action to this Court. [Id.].[1]

On May 23, 2019, the Defendants moved to dismiss the Amended Complaint for failure to state a claim. [Doc. 20]. On July 31, 2019, Defendant Owenby filed a notice with the Court indicating that he filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code on July 10, 2019. [Doc. 25]. On August 5, 2019, the Court entered an Order staying the case as to Defendant Owenby. [Doc. 26].

On December 17, 2019, the Magistrate Judge filed a Memorandum and Recommendation, which recommended granting in part and denying the Defendants' Motion to Dismiss. [Doc. 35]. Specifically, the Memorandum and Recommendation recommended that the Defendants' Motion to Dismiss be granted with regard to all claims against Defendants JOMCO Contracting, LLC; Highlands at Cullowhee, LLC; Joseph Riley Johnson; and Tricia Ruth as well as the Chapter 75 and Civil Conspiracy claims against JOMCO, Inc. [Id. at 23]. The Memorandum and Recommendation further recommended that the Defendants' Motion to Dismiss be denied with regard to the Plaintiff's claims for account stated against JOMCO, Inc. [Id. at 22].

---

[1] The Honorable W. Carleton Metcalf, United States Magistrate Judge, granted the Plaintiff's Motion to Amend its Complaint and allowed it to file an Amended Complaint [Doc. 17-1] on April 14, 2019. [Doc. 18].

On January 17, 2020, the Court entered an Order accepting the Magistrate Judge's Memorandum and Recommendation, and dismissed all the claims against JOMCO Contracting, LLC; Highlands at Cullowhee, LLC; Joseph Riley Johnson; and Tricia Ruth and the Chapter 75 and Civil Conspiracy claims against JOMCO, Inc. [Doc. 38 at 5]. Thus, the Court determined "that this case should proceed with respect to the Plaintiff's claims for breach of contract, quantum meruit, and account stated against JOMCO, Inc." [Id.].

On February 28, 2020, the Plaintiff filed a Motion for Entry of Default. [Doc. 39]. In that Motion, the Plaintiff states that JOMCO, Inc. had not filed an Answer to the Amended Complaint as required on February 7, 2020 and that the Plaintiff had "conferred with" JOMCO, Inc., and learned that it did "not intend to answer the complaint." [Id. at ¶ 10]. On March 16, 2020, the Clerk of Court entered a Default against JOMCO, Inc. [Doc. 40]. On March 17, 2020, the Plaintiff filed the present Motion for Default Judgment against JOMCO, Inc. [Doc. 41].

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once

a defendant has been defaulted, the plaintiff may then seek a default judgment. If the plaintiff's claim is for a sum certain or can be made certain by computation, the Clerk of Court may enter the default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant, however, "is not held . . . to admit conclusions of law." Id. The Court, therefore, must determine whether the facts as alleged state a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).

### III. DISCUSSION

The Court having previously concluded that the Plaintiff states a claim against Defendant JOMCO, Inc., [Doc. 38], and that claim having been established by virtue of said Defendant's default, the Court turns to the issue of damages. See Ryan, 253 F.3d at 780–81 ("If the court finds that liability is established, it must then turn to the determination of damages."). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. S.E.C. v. Lawbaugh,

359 F.Supp.2d 418, 422 (D. Md. 2005). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. See Ryan, 253 F.3d at 780 (citing Weft, Inc. v. GC Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986); DIRECTV, Inc. v. Pernites, 200 F. App'x. 257, 258 (4th Cir. 2006). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See EEOC v. North Am. Land Corp., No. 1:08-cv-501, 2010 WL 2723727, at *2 (W.D.N.C. Jul. 8, 2010) (Reidinger, J.).

### 1. Damages

The Plaintiff alleges that JOMCO, Inc. is liable for $152,253 in damages, which reflects the remaining unpaid amounts on two invoices that it submitted to JOMCO, Inc. on August 31, 2018. [Doc. 41-1 at 2; Doc. 17-1 at ¶¶ 98, 99]. To support that claim, the Plaintiff submits an affidavit from its owner, Doug Parker, explaining that JOMCO, Inc. still has not paid $19,765 for work performed under one contract, $96,948 for work performed under another contract, and $35,540 for work performed under a change order. [Id.]. The Plaintiff also submits copies of both August 31, 2018 invoices. [Doc. 41-3, 41-5].

The Plaintiff claims that the first August 31, 2018 invoice was for $19,765 due under one contract and $96,948 due under another contract. [Doc. 17-1 at ¶¶ 98-99]. Adding those two sums together, the Plaintiff claims to be owed $116,713 on that invoice. [Doc. 17-1 at ¶¶ 98-99]. The copy of the first August 31, 2018 invoice that the Plaintiff submitted to the Court, however, only requests $116,413. [Doc. 41-3]. The Plaintiff does provide any explanation for the $300 difference between the amount it claimed to be owed in that invoice and the amount that it now claims to be owed in its Motion for Default Judgment. Because the Court can only award damages that are supported by the evidence, the Court can only award $116,413 in damages on the first August 31, 2018 invoice.

The Plaintiff further alleges that it released an additional $15,000 to the Plaintiff on October 3, 2018 to get the Plaintiff to perform additional work. [Doc. 17-1 at ¶ 103]. Despite receiving that additional $15,000 payment on October 3, the Plaintiff still claims that it is due the full $151,953 that it requested in the August 31 invoices. The Plaintiff does not explain how the $15,000 that was released on October 3 either affects or does not affect the outstanding total from the August 31, 2018 invoices. Because the Plaintiff's allegations show that JOMCO, Inc. paid the Plaintiff $15,000 after the Plaintiff submitted the August 31, 2018 invoices, the Plaintiff will recover $15,000

6

less than the amount that was due on those invoices. Accordingly, the Plaintiff will recover $101,413 in damages from JOMCO, Inc. on its breach of contract claim.

### 2. Attorney's Fees

The Plaintiff also requests attorney's fees. [Doc. 17-1 at ¶ 126; Doc. 42]. In support of that request, the Plaintiff's counsel submits billing records showing that she has incurred $12,850 in fees and $426.80 in expenses to date, for a total of $13,276.80. [Doc. 42]. Under North Carolina law, "a successful litigant may not recover attorney's fees, whether as costs or as an item of damages, unless such a recovery is expressly authorized by statute." Stillwell Enters., Inc., v. Interstate Equip. Co., 300 N.C. 286, 288, 266 S.E.2d 812, 814 (1980). "No express statutory authority permits an award of attorney's fees in [a] breach of contract case." Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc., 143 N.C. App. 1, 11–12, 545 S.E.2d 745, 752 (2001). The Plaintiff does not provide any other statutory authority that would allow for recovery of attorney's fees. As such, the Plaintiff's request for attorney's fees must be denied.

### 3. Prejudgment Interest

The Plaintiff requests prejudgment interest on its damages dating back to August 31, 2018. [Doc. 17-1 at ¶ 126]. State law governs awards of

prejudgment interest in diversity cases. See Hitachi Credit America Corp. v. Signet Bank, 166 F.3d 614, 633 (4th Cir. 1999). North Carolina has a statutory interest rate of eight percent per annum. See N.C. Gen. Stat. § 24-1. "In an action for breach of contract . . . the amount awarded on the contract bears interest from the date of breach." N.C. Gen. Stat. § 24-5(a). The North Carolina Supreme Court has held that "[i]nterest does not run on an account until there is a demand and refusal to pay." Hunt v. Hunt, 261 N.C. 437, 444, 135 S.E.2d 195, 200 (1964) (citing Harris & Harris Construction Company v. Crain & Denbo, Inc., 256 N.C. 110, 123 S.E.2d 590 (1962); Bond v. Pickett Cotton Mills, 166 N.C. 20, 81 S.E. 936 (1914); Jolly v. Bryan, 86 N.C. 457, 458 (1882); Neal v. Freeman, 85 N.C. 441 (1881); Hyman v. Gray, 49 N.C. 155 (1856)). Likewise, the North Carolina Court of Appeals has held that "the due date or the date payment is demanded and the demand refused [was] the date of the breach." Pickard Roofing Co. v. Barbour, 94 N.C. App. 688, 693, 381 S.E.2d 341, 344 (1989).

The Plaintiff's allegations, taken as true, establish that the Plaintiff completed the work required under the contract and that JOMCO, Inc. never paid for the completed work despite having "received a final [certificate of occupancy]" for the buildings[.]" [Doc. 17-1 at ¶ 111]. While the invoices submitted by the Plaintiff to JOMCO, Inc. on August 31, 2018 state that they

are "due on receipt[,]" [Doc. 41-3; 41-5]. the Plaintiff's allegations fail to provide the specific date that JOMCO, Inc. breached the contract by refusing to pay the Plaintiff. As such, the Court cannot readily discern the date of breach from the current record.

Another court recently confronted a motion for default judgment where a plaintiff failed to allege the date of breach as required to calculate prejudgment interest. H&E Equip. Servs., Inc. v. Oak City Contracting, LLC, No. 5:19-CV-361-FL, 2020 WL 1490710, at *5 (E.D.N.C. Mar. 25, 2020). That case also involved a breach of contract claim concerning a defendant's failure to pay for services rendered under a contract. Id. In that case, the court denied the plaintiff's motion for default judgment without prejudice as to the request for prejudgment interest because of the plaintiff's failure to allege the particular date of breach. Id. The court, however, granted the plaintiff "leave to file a motion to alter the judgment to reflect the addition of the requisite information for an award of prejudgment interest." Id.

Similarly, the Plaintiff's request for prejudgment interest here must be denied because of the Plaintiff's failure to allege the date of the breach. The Court will deny the Plaintiff's motion as to prejudgment interest without prejudice and the Plaintiff shall have leave to file a motion to alter the

9

judgment to reflect the addition of the requisite information for an award of prejudgment interest within 14 days from the date of this order.

### 4. Post-judgment Interest

The Plaintiff also requests post-judgment interest. [Doc. 17-1 at ¶ 126]. As the prevailing party, the Plaintiff is entitled to an award of post-judgment interest pursuant to 28 U.S.C. § 1961(a) (allowing post-judgment interest "on any money judgment in a civil case recovered in a district court").[2] Accordingly, the Plaintiff will recover post-judgment interest on its damages.

### O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Entry of Default [Doc. 41] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The Plaintiff's Motion is **GRANTED** as to the claim for breach of contract against JOMCO, Inc. The Plaintiff shall have and recover of JOMCO, Inc. a judgment of $101,413 plus post-judgment interest.

(2) The Plaintiff's Motion is **DENIED** as to the alternative claims for quantum meruit and account stated against JOMCO, Inc.

---

[2] Post-judgment interest is to be calculated on the full amount of the award including prejudgment interest. <u>Quesinberry v. Life Ins. Co. of N. Am.</u>, 987 F.2d 1017, 1029 (4th Cir. 1993) (en banc).

(3) The Plaintiff's Motion is **DENIED** without prejudice as to the request for prejudgment interest. The Plaintiff will have leave to file a motion to alter the judgment to support the claim for prejudgment interest within fourteen (14) days from the date of this order.

(4) The Plaintiff's Motion is **DENIED** as to the request for attorney's fees.

**IT IS SO ORDERED.**

Signed: April 10, 2020

Martin Reidinger
United States District Judge