THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00062-MR

| PARKER EXCAVATING, INC., | ) |  |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | |
| JOMCO CONTRACTING, LLC; JOMCO, INC.; HIGHLANDS AT CULLOWHEE, LLC; WESLEY SAMUEL OWENBY; JOESPH RILEY JOHNSON; and TRICIA RUTH, | ) | **O R D E R** |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Vacate and Set Aside Order [Doc. 49].

**I.  BACKGROUND**

Plaintiff brought this action against JOMCO, Inc. for a breach of a construction contract. Plaintiff also alleged other claims against JOMCO, Inc., as well as its owners and other entities owned by them. [Doc. 1-1 at 3–4]. On January 17, 2020, the Court granted Defendants' Joint Motion to Dismiss the Plaintiff's claims for violations of Chapter 75 and Civil Conspiracy against JOMCO, Inc., and all claims against the other Defendants JOMCO Contracting, LLC; Highlands at Cullowhee, LLC; Joseph Riley Johnson; and

Tricia Ruth. [Doc. 38 at 5–6]. On April 10, 2020 the Court entered a default judgment on the Plaintiff's remaining breach of contract claim against JOMCO, Inc in the amount of $151,953 for the breach of contract claim plus $18,284.32 in prejudgment interest. [Doc. 43 at 10; Doc. 45 at 6].[1]

On July 13, 2020, the Plaintiff filed the present Motion to Vacate and Set Aside Order. [Doc. 49]. In the Motion, the Plaintiff asks the Court to vacate and set aside the Order [Doc. 38] dismissing the claims against Highlands at Cullowhee, LLC, and Joseph Riley Johnson, based on the discovery of "new evidence." [Doc. 49 at 1].

## II. STANDARD OF REVIEW

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a final judgement, order, or proceeding based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or

---

[1] The amount of judgement is as set forth in the Amended Judgment entered by the Court on April 24, 2020, [Doc 45] after the Plaintiff filed a Motion to Alter or Amend the Judgment to supplement the evidence regarding the amount of damages on the breach of contract claim and in order to reflect the prejudgment interest. [Doc. 45 at 3–6].

2

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The high bar of Rule 60(b) allows the court to overcome the "sanctity of final judgments" in "extraordinary" cases and only "upon a showing of exception circumstances." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). To reach this threshold, in addition to establishing one of the six grounds enumerated in Rule 60(b), the movant must also establish that his motion was timely filed, that he has a meritorious position in the action, and that there would be no unfair prejudice to the nonmoving party by having the judgment set aside. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1998); see Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011).

To set aside an Order under Rule 60(b)(2), the movant must establish that "(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the

3

judgment to be amended." Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989).

## III.  DISCUSSION

The Plaintiff asserted claims against Defendants Highlands at Cullowhee, LLC (Highlands) and Joseph Riley Johnson[2] based on the theory of piercing the corporate veil alleging that Johnson was an owner of both JOMCO, Inc., and Highlands. [Doc. 1-1 at 3–4]. The Court dismissed the claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the allegations "contain[ed] only bare-bones, conclusory allegations that the individual Defendants were 'self-dealing'" and that the "corporate entities had some overlapping owners or agents." [Doc. 38 at 3–4].

As the Court has pointed out, joint ownership is insufficient to establish an alter ego in order to justify piercing the corporate veil. [Doc. 38 at 4] ("The mere allegation that the corporate entities had some overlapping owners or agents is insufficient to give rise to alter ego liability."); see also U.S. Fire Ins. Co. v. Allied Towing Corp., 966 F.2d 820, 828 (4th Cir. 1992) ("The corporate veil, however, may not be pierced solely because of an overlap (or even

---

[2] The claims involving Defendant Wesley Samuel Owenby are currently stayed pursuant to 11 U.S.C. § 362. [Doc. 26]. Plaintiff brought a similar claim against JOMCO Contracting, LLC, which is also alleged to be owned by Johnson and Owenby, however, that claim is not a subject of the present motion.

4

identity) of corporate officers and directors."). To make a case for piercing the corporate veil the Plaintiff must make plausible allegations of "inadequate capitalization, noncompliance with corporate formalities, lack of a separate corporate identity, excessive fragmentation, siphoning of funds by the dominant shareholder, nonfunctioning officers and directors, [or] absence of corporate records." [Doc. 38 at 3–4], (quoting Green v. Freeman, 367 N.C. 136, 145, 749 S.E.2d 262, 270 (2013)).

The Plaintiff previously asserted that Defendants Johnson and Owenby were incorporators of JOMCO, Inc., and that JOMCO, Inc., and Highlands were "owned, operated, controlled, and located at the same place of business." [Doc. 22 at 2–3].[3] The Plaintiff now presents to the Court "new evidence" in the form of an AIA contract wherein Johnson signed on behalf of Highlands and Owenby signed on behalf of JOMCO, Inc. [Doc. 49-2]. The Plaintiff argues this new document "provide[s] evidence beyond allegations that are conclusory and shows that Joseph Riley Johnson was acting on behalf of both entities at the time of contracting with the Plaintiff." [Doc. 49, at 2]. However, the new evidence only tends to show that Johnson and Owenby owned interests in both JOMCO, Inc., and Highlands. As such, it is

---

[3] The Plaintiff also alleged the same regarding JOMCO Contracting, LLC which is not the subject of this Motion.

5

Case 1:19-cv-00062-MR-WCM   Document 53   Filed 08/14/20   Page 5 of 8

merely cumulative of what the Plaintiff alleged in its original complaint. [Doc. 36-1 through 36-3]. Identical ownership and location are insufficient to demonstrate the disregard for the corporate entity. U.S. Fire Ins. Co., 966 F.2d at 828. The Plaintiff's assertions regarding this new AIA document constitute nothing more than the same conclusory allegations of the intent to defraud and that the dismissed Defendants were alter egos of JOMCO, Inc. The Plaintiff still fails to state a claim for piercing the corporate veil or to provide any basis to make such a claim plausible.

The Plaintiff further states that the AIA contract "confirm[s] that Plaintiff did have reason to believe that [Defendant Johnson] was contracting on behalf of both [Highlands and JOMCO, Inc]." [Doc. 49 at 2]. However, if the Plaintiff did not have this new document at the time of contracting it could not have possibly influenced the Plaintiff's beliefs at that time. Furthermore, the Plaintiff's belief is irrelevant to whether the Defendants disregarded the corporate existence of JOMCO, Inc.

The Plaintiff argues that the new evidence establishes a prima facie claim for violation of N.C. Gen. Stat. § 75-1.1 ("Chapter 75"), as it demonstrates that the Defendants "form[ed] alter-ego corporations." [Doc. 49 at 2]. However, the AIA contract merely indicates an agreement between JOMCO, Inc. and Highlands, which was already alleged and known. This

6

document does not buttress the Plaintiff's conclusory allegations at all. The Plaintiff has still presented nothing, by way of allegation or evidence, to show that JOMCO, Inc. and Highlands were operated in a manner that disregarded their existence as sperate business entities or that either served as an alter ego of Johnson.

The Plaintiff's error from the start was to base a claim on the idea that asserting interlocking or joint ownership is sufficient to disregard the corporate entities involved. Plaintiff cites no authority for this proposition; all authority is to the contrary. In presenting this motion, however, the Plaintiff simply restates this erroneous argument. What the Plaintiff has pleaded remains insufficient. While the AIA contract itself might be "newly discovered," the contract is neither material nor likely to produce a different outcome. See Boryan, 884 F.2d at 771. The Plaintiff still makes no plausible allegation necessary to support the drastic remedy of disregarding the corporate existence of JOMCO, Inc.

The Plaintiff has not presented any "new evidence" that merits altering or amending the Court's prior Orders under Rule 60(b)(2). Accordingly, the Plaintiff's Motion to Vacate and Set Aside Order [Doc. 49] will be denied.

# **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Vacate and Set Aside Order [Doc. 49] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 14, 2020

Martin Reidinger
Chief United States District Judge